The Shell Law Firm, PLLC
Martin Shell (MS 5689)
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 616-3983
Facsimile: (212) 480-8560
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDNEY KOMISAR,<br><br>Plaintiff,<br><br>-against-<br><br>TRUIST BANK<br><br>Defendant | CIVIL ACTION NO. 1:26 Civ. 02510 PAE<br><br>**AMENDED COMPLAINT** |

Plaintiff, Sidney Komisar ("Komisar" or "Plaintiff") as and for his Amended Complaint against Defendant, Truist Bank ("Truist" or "Defendant"), alleges as follows:

1. This is an action for damages against Truist for failing to safeguard a wire that resulted in $99,988.01 to be stolen from Komisar, despite being notified of wire fraud.

## THE PARTIES

2. Komisar is an individual residing in New York.

3. Defendant, Truist is a bank and has a principal place of business located at 214 North Tyron Street, Charlotte North Carolina 28202.

4. Defendant, Truist is authorized to conduct business in the State of New York and conducts business in the State of New York.

**FACTS COMMON TO ALLEGATIONS**

5. In September of 2025, Komisar received a financial settlement relating to a lawsuit (the "Settlement Funds).

6. The Settlement Funds were paid by check made payable to Komisar.

7. Komisar directly deposited the Settlement Funds into a lawyer's Attorney Trust Account, with Chase Bank, on October 1, 2025.

8. At all times relevant herein, the Settlement Funds belonged solely to Komisar.

9. At the time of the deposit, Komisar notified the lawyer that he was traveling to England and would provide further instructions with respect to the Settlement Funds.

10. Shortly thereafter, on or about October 8, 2025, Komisar attempted to send certain wire instructions to the lawyer by email, detailing where the Settlement Funds should be sent.

11. At all times relevant herein, Komisar maintained an AOL email account.

12. Unbeknownst to Komisar and around October 1, 2025, Komisar's email had been hacked into.

13. Also unbeknownst to Komisar, about the same time the lawyer received different wire instructions then the one Komisar sent.

14. Komisar has been advised that the lawyer never received Komisar's intended wire instructions.

15. Upon information and belief, on or about October 3, 2025, the lawyer received fraudulent wire instructions, from an account appearing to be Komisar's email account but slightly different.

16. Upon information and belief, the lawyer engaged with the fraudsters, believing them to be Komisar and proceeded to have certain communications including the below:

> On Oct 3, 2025 at 06:34:34 AM PDT,
>
> [Blank]
>
> Here is the payment instructions below for payment purposes:
>
> Bank Name: Truist Bank Account Name: Placestolove LLC Account Number: 1100036585615 Routing Number: 263191387 Swift Code: BRBTUS33XXX Bank Address: 69 Westward Drive Miami Springs Florida 33166
>
> Please share a copy of payment confirmation as soon as this has been taken care of.
>
> Thank you,
>
> Sidney Komisar

17. Upon information and belief, on or about October 6, 2025, the lawyer sent a test wire in the amount of $11.99 to the above account identified as Placestolove LLC Account Number: 1100036585615, Routing Number: 263191387, Swift Code: BRBTUS33XXX Bank Address: 69 Westward Drive Miami Springs Florida 33166 based on the above communications.

18. Upon information and belief, once the test wire was confirmed received, the lawyer sent another wire in the amount of $99,988.01 on or about October 6, 2025 (the "Wire").

19. Both wires were sent while performing work in the State of New Jersey. At the same time the lawyer maintained an office in the State of New York.

20. Komisar has no prior knowledge of or any affiliation with Placestolove LLC.

21. Komisar never had any dealings with Placestolove LLC or their bank accounts.

22. Placestolove LLC was never the intended beneficiary of the Settlement Funds Komisar received.

23. Komisar intended for the lawyer to send two separate wires to family members and not to Placestolove LLC.

24. At no time did Komisar instruct or intend the lawyer to send the Settlement Funds including the Wire to Placestolove LLC.

25. On October 14, 2025, Komisar notified the lawyer that the requested transfers were not received. Upon information and belief, the lawyer reached out to Chase and was advised that the wire was delayed due to the receiving bank checking for fraud. Komisar and the lawyer continued to exchange text messages, when about 4:00 pm EST it was discovered that the lawyer received false instructions as to where to send the Settlement Funds.

26. Upon information and belief, the lawyer notified Chase, of the fraud. In turn Chase requested an immediate recall of the Wire.

27. Upon information and belief, the lawyer filed a police report with local police, in New Jersey.

28. Upon information and belief, the lawyer notified the receiving bank, Truist, of the fraud by: (i) phone on October 14, 2025, (ii) letter delivered by fax on October 14, 2025 and (iii) phone on October 15, 2025.

29. As of October 14, 2025, Truist assigned the fraud complaint the following case number UFO number 00000 246 643.

30. Upon information and belief, the lawyer was further advised by Truist on October 14, 2025 that Truist's customer, Placestolove LLC, had requested a check to withdraw the Wire, but as of late evening October 14, 2025 the monies remained in the account.

31. Upon information and belief, the next morning around 9:00 am, the lawyer called the Truist Branch in Miami Springs (where Placestolove LLC banked) and spoke with the Branch

Manager. The Manager confirmed receipt of the lawyer's October 14, 2025 letter and advised that the account, in question, had been frozen/put on hold and that the Wire was still in possession of Truist.

32. Upon information and belief, after the call with the Miami Springs Branch Manager, the lawyer entered the Truist Branch in Hamilton New Jersey. At the branch the lawyer met with the Branch Manager who also investigated the matter. Like the above, the manager confirmed that the account, in question, was frozen/put on hold and that the wire was still in possession of Truist.

33. Upon information and belief, the lawyer was also advised that Truist would be closing the Placestolove LLC's account, cease doing business with them and would be returning the Wire.

34. Upon information and belief, the lawyer was further advised that there had been other instances of fraud related to the Placestolove LLC account with Truist.

35. On or about, November 11, 2025, a Demand letter was sent to Truist demanding the immediate return of the Wire.

36. On or about December 29, 2025, Truist issued a letter denying any responsibility.

37. Subsequent to the filing of Plaintiff's Complaint, Plaintiff was provided with a copy of a Official Check from Truist to Placestolove LLC dated October 15, 2025 in the amount of $99,900.05, slightly less then the Wire. The memo/purchaser line reads "closure <u>1100036585615</u>/ 20251007460". (emphasis added – as the same account to which the Wire was sent).

38. Due to the above, Komisar has suffered damages including the loss of the Wire and other damages relating thereto, such as interest and costs of suit.

**FIRST COUNT**
**(UCC Violation)**

39. Plaintiff, Sidney Komisar repeats and reiterates each and every allegation set forth in paragraphs 1 to 38 as if more fully set forth at length herein.

40. Truist received the Wire on or about October 6, 2025.

41. Truist was notified on October 14, 2025, and then again on October 15, 2025, that the wire was sent under false pretenses.

42. Truist was notified on October 14, 2025, and then again on October 15, 2025, to hold the wire and prevent its release.

43. Despite the foregoing notices, Truist released $99,900.05 of the Wire to its customer.

44. Truist breached its obligations under N.Y. U.C.C. § 4-A, including N.Y. U.C.C. § 4-A-202(2).

45. Truist's breached its obligations by failing to safeguard the Wire after being notified of wire fraud. Truist was notified by phone and letter on October 14, 2025 of wire fraud. Still, Truist released a significant portion of the Wire on October 15, 2025.

46. Truist's breach of its duties as receiving bank caused damages to Komisar as alleged herein in an amount exceeding $75,000.00.

47. Komisar prays for compensatory damages, together with interest, costs, and any other appropriate relief.

.

**SECOND COUNT**
**(NEGLIGENCE)**

48. Plaintiff, Sidney Komisar repeats and reiterates each and every allegation set forth in paragraphs 1 to 47 as if more fully set forth at length herein.

49. Truist had a duty to establish commercially reasonable security procedures regarding wire transfers and their release.

50. Truist further had a duty to safeguard Komisar's Wire upon being notified that it was sent under false pretenses.

51. Truist further had a duty to safeguard Komisar's Wire against fraud upon notification that its customer Placestolove LLC was engaging in egregious conduct, including wire fraud.

52. Upon information and belief, even before the Wire was sent, Truist was aware of various fraudulent activity involving Placestolove LLC, but failed to suspend their account.

53. While Komisar was not a client of Truist, Truist owed a duty to Komisar upon being notified of a fraud perpetuated by its customer and while Trusit was still in possession of the Wire.

54. As set forth in all preceding paragraphs herein, Tuist breached its obligations by (i) accepting the Wire and failing to suspend Placestolove LLC's account (ii) by failing to safeguard the Wire after it was on notice of fraud and (iii) releasing nearly the entire Wire after it was on notice of the Fraud.

55. As set forth in all preceding paragraphs herein, Truist breached its obligations by failing to maintain and/or adhere to a commercially reasonable security procedure and that failure led directly to the theft of $99,900.05.

56. Truist is liable to Komisar for payment of the unauthorized or fraudulent wire and, thus, must refund to the Plaintiff the $99,900.05 stolen by way of the fraudulent transfers, together with interest at the highest rate allowed by law, from the date each respective fraudulent transfer was made, as well as court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sidney Komisar demands judgment against the defendant as follows:

1. On the First cause of action, Plaintiff seeks a judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial, but presently estimated to exceed $75,000.00, together with interest thereon and the costs and disbursements of this action.

2. On the Second Cause of Action, Plaintiff seeks a judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial, but presently estimated to exceed $75,000.00, together with interest thereon and the costs and disbursements of this action.

3. On all causes of action, for interest at the statutory rate, taxable costs and disbursements, reasonable attorneys' fees to the extent allowable at law, and for such other and further relief as to the Court may seem just and proper.

Dated: June 3, 2026
New York, New York

/S/ Martin Shell
**Martin Shell, Esq.**
Attorney for Plaintiff
The Shell Law Firm, PLLC
11 Broadway, Suite 615
New York, New York 10004